UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

BEVERLY GERNATT,
                Plaintiff,

                                        **Hon. Hugh B. Scott**

                v.

                                        **17CV164V**

                                          **Report**
NANCY A. BERRYHILL[1], Acting              **and**
Commissioner of Social Security,           **Recommendation**

                Defendant.

Before the Court are plaintiff's motion for judgment on the pleadings (Docket No. 8) and defendant Commissioner's motion to remand (Docket No. 11). Plaintiff replied (Docket No. 12) arguing that the matter need not be remanded for further findings but should be sent back for calculation of benefits (id.).

## INTRODUCTION

This is an action brought pursuant to 42 U.S.C. § 405(g) to review the final determination of the Commissioner of Social Security that plaintiff is not disabled and, therefore, is not entitled to disability insurance benefits and/or Supplemental Security Income benefits.

## PROCEDURAL BACKGROUND

The plaintiff ("Beverly Gernatt" or "plaintiff") filed an application for disability insurance benefits on February 11, 2013. That application was denied initially. The plaintiff

---

[1] Nancy A. Berryhill is now the Acting Commissioner of Social Security. Pursuant to Federal Rule of Civil Procedure 25(d)(1), Ms. Berryhill is substituted for former Acting Commissioner Carolyn W. Colvin as Defendant in this action; no further action is required, 42 U.S.C. § 405(g).

appeared before an Administrative Law Judge ("ALJ"), who considered the case <u>de novo</u> and concluded, in a written decision dated September 4, 2015, that the plaintiff was not disabled within the meaning of the Social Security Act.  The ALJ's decision became the final decision of the Commissioner on December 21, 2016, when the Appeals Council denied plaintiff's request for review.

Plaintiff commenced this action on February 21, 2017 (Docket No. 1).  The parties either moved for judgment on the pleadings (Docket No. 8) or to remand for further administrative proceedings (Docket No. 11).  The motions were deemed submitted on March 5, 2018 (Docket No. 10).

## FACTUAL BACKGROUND[2]

Plaintiff was born on November 28, 1958, and has a high school education (R. 30).  Her most recent past relevant work was as a cook and restaurant manager (R. 30) but the vocational expert opined that a claimant in plaintiff's situation could not return to that work (R. 30).

Plaintiff's impairments deemed severe by the ALJ are fibromyalgia, status post cervical fusion, status post bilateral shoulder injuries, hypertension, asthma, and adjustment disorder with mixed anxiety and depressed mood (R. 21).  Among her other claimed impairments are the limited use of her right hand (R. 70-71, 254) due carpel tunnel syndrome, but the ALJ deemed that condition not to be severe (R. 21).

---

[2]References noted as "(R.__)" are to the certified record of the administrative proceedings, filed with this Court as Docket No. Docket No..

## MEDICAL AND VOCATIONAL EVIDENCE

Relevant to this case, on April 16, 2012, Dr. Robert Brown, an orthopedic hand surgeon, examined plaintiff (R. 690-93; see Docket No. 11, Def. Memo. at 2). Plaintiff complained of right hand weakness and constant pain in her right thumb (R. 690). A magnetic resonance imaging ("MRI") scan of plaintiff's right hand and wrist in December 2011 revealed degenerative joint disease in the thumb as well as a triangular fibrocartilage complex focal tear (R. 690, 414 (MRI)). Plaintiff's right hand demonstrated reduced grip, pinch, and muscle strength (R. 691). Dr. Brown assessed painful degenerative arthritis of the right thumb as well as nerve palsy and weakness of the right hand (R. 691). Dr. Brown prescribed a splint for that hand (R. 691, 693). (Docket No. 11, Def. Memo. at 2.)

Dr. Brown followed up on June 2012 and observed plaintiff's right hand reduced its grip, pinch, and muscle strength (R. 699, 698-700). A recent electro diagnostic study of that hand revealed moderate right carpel tunnel syndrome (R. 699, 418). Dr. Brown assessed significantly painful degenerative arthritis of the right thumb, moderate right carpel tunnel syndrome, and improved strength and nerve palsy of the right hand (R. 699). (Docket No. 11, Def. Memo. at 3.)

Dr. Brown examined plaintiff again on December 2013 (R. 737-38). Plaintiff's right hand demonstrated reduced grip, pinch, and muscle strength (R. 738). Dr. Brown assessed that plaintiff's hand had reached maximum medical improvement, concluding (for workers' compensation purposes) that plaintiff lost 16% use of her right hand (R. 738). (Docket No. 11, Def. Memo. at 5.)

At step three of the five-step analysis (described below), the ALJ found that plaintiff's impairments (singly or in combination) did not meet or medically equal any listed impairments, comparing plaintiff's condition with Listings 1.02 (major dysfunction of a joint), 3.03, asthma, 4.00, cardiovascular system, 12.04, affective disorder, or 12.06, anxiety-related disorders (R. 22-24; Docket No. 11, Def. Memo. at 8).   As for Listing 1.02, the ALJ concluded that plaintiff could not establish that she was unable to perform fine and gross movements effectively (R. 22).

The ALJ found that plaintiff's residual functional capacity was that plaintiff was able to perform light work (R. 24).   The ALJ, however, conditioned that the light work such that plaintiff must be able to change positions briefly (one-two minutes) at least every half hour; no rotation of her head or neck more than forty-five degrees in either direction (R. 24).   Plaintiff is not to work at heights or on dangerous moving machinery; no more than occasional balancing, stooping, or crouching; no kneeling or crawling; no more than occasional use of stairs or ramps; no use of ladders, ropes, or scaffolds; no overhead work (R. 24).   Plaintiff also is not to be exposed to extremes of fumes, dusts, gases, or other respiratory irritants; no detailed or complex instructions; no more than occasional work with the general public; and no fast paced or assembly line or other high quota work (R. 24).

At step four of the five-step analysis, the ALJ found that plaintiff's residual functional capacity precluded her from returning to her past relevant work (R. 29-30; Docket No. 11, Def. Memo. at 9).

The ALJ asked the vocational expert what occupations a hypothetical claimant like plaintiff in education, work experience, and residual functional capacity could perform and the expert opined that the claimant could perform as a short order cook (semi-skilled, light work).

4

The expert alternatively opined that the hypothetical claimant could work as a cafeteria attendant (unskilled light work), or two variants of stock checker (both unskilled light work), each occupation with thousands of jobs in the national economy. (R. 31.) Based upon this opinion, at step five the ALJ concluded that plaintiff was not disabled (R. 31-32).

## DISCUSSION

The only issue to be determined by this Court is whether the ALJ's decision that the plaintiff was not under a disability is supported by substantial evidence. See 42 U.S.C. § 405(g); Rivera v. Sullivan, 923 F.2d 964, 967 (2d Cir. 1991). Substantial evidence is defined as "'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. v. National Labor Relations Bd., 305 U.S. 197, 229 (1938)).

*Standard*

For purposes of both Social Security Insurance and disability insurance benefits, a person is disabled when unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A) & 1382c(a)(3)(A).

Such a disability will be found to exist only if an individual's "physical or mental impairment or impairments are of such severity that [he or she] is not only unable to do [his or her] previous work but cannot, considering [his or her] age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy . . . ." 42 U.S.C. §§ 423(d)(2)(A) & 1382c(a)(3)(B).

The plaintiff bears the initial burden of showing that the impairment prevents the claimant from returning to his or her previous type of employment. Berry v. Schweiker, 675 F.2d 464, 467 (2d Cir. 1982). Once this burden has been met, "the burden shifts to the [Commissioner] to prove the existence of alternative substantial gainful work which exists in the national economy and which the plaintiff could perform." Id.; see also Dumas v. Schweiker, 712 F.2d 1545, 1551 (2d Cir. 1983); Parker v. Harris, 626 F.2d 225, 231 (2d Cir. 1980).

In order to determine whether the plaintiff is suffering from a disability, the ALJ must employ a five-step inquiry:

(1) whether the plaintiff is currently working;

(2) whether the plaintiff suffers from a severe impairment;

(3) whether the impairment is listed in Appendix 1 of the relevant regulations;

(4) whether the impairment prevents the plaintiff from continuing past relevant work; and

(5) whether the impairment prevents the plaintiff from doing any kind of work.

20 C.F.R. §§ 404.1520 & 416.920; Berry, supra, 675 F.2d at 467. If a plaintiff is found to be either disabled or not disabled at any step in this sequential inquiry, the ALJ's review ends. 20 C.F.R. §§ 404.1520(a) & 416.920(a); Musgrave v. Sullivan, 966 F.2d 1371, 1374 (10th Cir. 1992). However, it should be noted that the ALJ has an affirmative duty to fully develop the record. Gold v. Secretary, 463 F.2d 38, 43 (2d Cir. 1972).

In order to determine whether an admitted impairment prevents a claimant from performing past work, the ALJ is required to review the plaintiff's residual functional capacity and the physical and mental demands of the work that has done in the past. 20 C.F.R. §§ 404.1520(e) & 416.920(e). When the plaintiff's impairment is a mental one, special "care

6

must be taken to obtain a precise description of the particular job duties which are likely to produce tension and anxiety, e.g. speed, precision, complexity of tasks, independent judgments, working with other people, etc., in order to determine if the claimant's mental impairment is compatible with the performance of such work." See Social Security Ruling 82-62 (1982); Washington v. Shalala, 37 F.3d 1437, 1442 (10th Cir. 1994). The ALJ must then determine the individual's ability to return to past relevant work given the claimant's residual functional capacity. Washington, supra, 37 F.3d at 1442.

Defendant cross moves to remand to the Commissioner for further administrative proceedings (Docket No. 11). The fourth sentence of 42 U.S.C. § 405(g) empowers this Court to enter judgment "affirming, modifying, or reversing the decision of the [Commissioner], with or without remanding the cause for a rehearing," 42 U.S.C. § 405(g) (id. at 9). Remand is appropriate if the Commissioner fails to correctly apply the law and regulations, see Melkonyan v. Sullivan, 501 U.S. 89, 101 (1991) (id. at 9-10).

*Application*

Plaintiff argues that the ALJ erred as a matter of law in determining plaintiff's ability to perform work from complex instructions (Docket No. 8, Pl. Memo. at 21-23). The ALJ also asked the vocational expert if there were transferable skills but the limitations in the hypotheticals preclude transferability of skills (id. at 23). The expert's opinion that the hypothetical claimant cannot perform fast pace work is contrary to the opinion that such a person can perform as a short order cook (id.). Plaintiff also complains that the expert's opinion is contradicted by the Dictionary of Occupational Titles and its companion volume, "Selected

7

Characteristics of Occupations Defined in Revised Dictionary of Occupational Titles" (id. at 24-25).

Plaintiff argues that at age 55 and applying the Medical-Vocational guidelines, with her condition, education, and work experience, she would be deemed "disabled" under Rule 202.06 (id. at 27-28).

Plaintiff also contends that the ALJ disregarded her well-documented carpel tunnel syndrome in the right hand (id. at 25-26). Defendant concedes that the ALJ erred in this, and concludes that the matter should be remanded for the ALJ to consider Dr. Brown's opinions (Docket No. 11, Def. Memo. at 10).

The parties dispute whether this matter should be remanded for an award of benefits. Plaintiff initially moves for that scope of remand (Docket No. 8, Pl. Memo. at 28). Defendant responds that there was not substantial evidence in the record to conclude that plaintiff was disabled and warranted a remand to calculate benefits (Docket No. 11, Def. Memo. at 10-12). Plaintiff replies that she is entitled to benefits as of her 55th birthday, therefore a full remand is not warranted (Docket No. 12, Pl. Reply Memo. at 1, 2).

In the instant case, both parties concede that the ALJ erred in concluding that plaintiff was not disabled. They disagree on the next step; defendant seeks a remand to have the ALJ consider a treating physician's records on plaintiff's right hand while plaintiff wants the matter returned for calculation of damages (contending that her disability is apparent). Plaintiff, believing that she is entitled to benefits as of her 55th birthday, merely seeks remand for calculation of those benefits.

The record here, as noted by defendant (Docket No. 11, Def. Memo. at 10-11), does not compel the conclusion that plaintiff was disabled and the matter merely needs to be sent back for calculation of benefits. Consideration alone of the right hand and carpel tunnel syndrome opinion of Dr. Brown is not conclusive of disability. While considering that material, the ALJ may revisit other parts of the decision leading to the preliminary conclusion denying disability. Plaintiff's objections are at step five in the analysis. The further consideration of her medical record would be at step three to determine if her condition met or equaled a listing of impairments. That determination would affect the subsequent steps (if necessary). The determination of disability would affect the calculation of benefits plaintiff seeks as of her 55th birthday. The better procedure is to allow the ALJ to reexamine the finding at step three and then lead to the determination whether plaintiff was disabled and calculation (if appropriate) of benefits.

## CONCLUSION

For the foregoing reasons, this Court recommends that the decision of the Commissioner be **REVERSED** and this matter be **REMANDED** for further administrative proceedings. Defendant's motion to remand (Docket No. 11) should be **GRANTED** and plaintiff's motion for judgment on the pleadings in her favor and remand only to calculate benefits (Docket No. 8) should be **DENIED**.

Pursuant to 28 U.S.C. § 636(b)(1), it is hereby ordered that this Report & Recommendation be filed with the Clerk of the Court and that the Clerk shall send a copy of the Report & Recommendation to all parties.

**ANY OBJECTIONS to this Report & Recommendation must be filed with the Clerk of this Court within fourteen (14) days after receipt of a copy of this Report & Recommendation in accordance with 28 U.S.C. § 636(b)(1), Fed. R. Civ. P. 72(b) and W.D.N.Y. Local Civil Rule 72(b).**

**FAILURE TO FILE OBJECTIONS TO THIS REPORT & RECOMMENDATION WITHIN THE SPECIFIED TIME OR TO REQUEST AN EXTENSION OF SUCH TIME WAIVES THE RIGHT TO APPEAL ANY SUBSEQUENT DISTRICT COURT'S ORDER ADOPTING THE RECOMMENDATIONS CONTAINED HEREIN.** Thomas v. Arn, 474 U.S. 140 (1985); F.D.I.C. v. Hillcrest Associates, 66 F.3d 566 (2d Cir. 1995); Wesolak v. Canadair Ltd., 838 F.2d 55 (2d Cir. 1988).

The District Court on de novo review will ordinarily refuse to consider arguments, case law and/or evidentiary material which could have been, but was not, presented to the Magistrate Judge in the first instance. See Patterson-Leitch Co. Inc. v. Massachusetts Municipal Wholesale Electric Co., 840 F.2d 985 (1st Cir. 1988).

Finally, the parties are reminded that, pursuant to W.D.N.Y. Local Civil Rule 72(b), "[w]ritten objections to proposed findings of fact and recommendations for disposition submitted by a Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for each objection, and shall be supported by legal authority." **Failure to comply with the provisions of Rule 72(b) may result in the District Court's refusal to consider the objection.**

10

So Ordered.

*s/Hugh B. Scott*

Hon. Hugh B. Scott
United States Magistrate Judge

Buffalo, New York
March 15, 2018